IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV92
(1:01CR10-2)

| | |
|---|---|
| JUAN GONZALEZ GOMEZ, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Judgment denying his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

## I. PROCEDURAL HISTORY

In May 2001, Petitioner was convicted after jury trial of conspiring to possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was sentenced on September 26, 2001, to 360 months imprisonment. His conviction and

2

sentence were affirmed by the Fourth Circuit on direct appeal and the Supreme Court denied his petition for a writ of *certiorari*. **United States v. Gonzalez-Gomez, 38 F. App'x 159 (4th Cir.), cert. denied, 537 U.S. 928 (2002).** On November 23, 2004, the Petitioner's motion pursuant to 28 U.S.C. § 2255 was denied and the Fourth Circuit denied a certificate of appealability from that ruling and dismissed the appeal. **Gonzalez-Gomez v. United States, 122 F. App'x 688 (4th Cir. 2005).**

## II. DISCUSSION

Petitioner moves for relief pursuant to Rule 60(b) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . any . . . reason justifying relief from the operation of the judgment." At issue, however, is whether this motion is actually one brought pursuant to Rule 60(b) or a second § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> . . .
>
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> . . .
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

**United States v. Winestock**, 340 F.3d 200, 204-05 (4th Cir.), **cert. denied**, 540 U.S. 955 (2003) **(citations and footnotes omitted)**. "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." **Id., at 203**.

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. Although styled as a Rule 60(b) motion, if this is, in reality, a motion pursuant to § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255**. Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. **Winestock, supra, at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court**

4

must first obtain authorization from the appropriate court of appeals.").

In this motion, the Petitioner presents the same arguments presented in the appeal of his conviction and sentence and then again in the appeal of the dismissal of his first § 2255 motion, that is, the appropriateness of the career offender enhancement.

"In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." **Winestock, supra.**

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.
> 
> . . .
> 
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not

5

seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.*, at 206-07 (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002)) **(other internal citations and quotations omitted).** To the extent the Petitioner submits arguments previously raised on appeal and in his § 2255 motion, the motion to reconsider is denied.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b) is hereby **DENIED** for lack of merit.

Signed: August 8, 2006

Lacy H. Thornburg
United States District Judge